UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELIZABETH JANE FOWLER,

                Plaintiff,                             **ANSWER**

                   v.                                Civil Action No.  5:14-cv-1350
                                                            (LEK/TWD)

SYRACUSE UNIVERSITY,

                Defendant.

Defendant Syracuse University ("Defendant" or "University"), by and through its attorneys, Bond Schoeneck & King, PLLC, hereby answers the complaint of Plaintiff Elizabeth Jane Fowler, as follows:

      1.      Concerning Complaint paragraph 1 (Complaint page 1), **ADMITS** that Plaintiff has commenced an action under the Americans with Disabilities Act ("ADA"); **ADMITS** that this Court has jurisdiction over ADA actions; and **DENIES** the remaining allegations of that paragraph.

      2.      Concerning Complaint paragraph 4 (Complaint page 1), **DENIES KNOWLEDGE AND INFORMATION** regarding Plaintiff's address, and therefore **DENIES** that allegation.

      3.      Concerning Complaint paragraph 5 (Complaint page 1), **ADMITS** that Defendant maintains an office at the Skytop Office Building, Syracuse, New York 13244.

      4.      **DENIES KNOWLEDGE AND INFORMATION** concerning the allegations in Complaint paragraph 6 (Complaint pages 1-2), and therefore **DENIES** that paragraph.

5.      Concerning Complaint paragraph 7 (Complaint page 2), **ADMITS** that the Complaint purports to assert claims for alleged disability discrimination, termination of employment, and retaliation, and **DENIES** that any such conduct occurred.

6.      Concerning Complaint paragraph 8 (Complaint page 2), asserts that no response is required to the heading set forth therein but to the extent that allegations are incorporated by reference therein, asserts its individual responses to the allegations incorporated by reference.

7.      Concerning the second Complaint paragraph 1 (Complaint page 3), **ADMITS** that subject matter jurisdiction in this court is appropriate.

8.      Concerning Complaint paragraph 2 (Complaint page 3), **DENIES KNOWLEDGE AND INFORMATION** concerning Plaintiff's address and therefore **DENIES** that paragraph.

9.      Concerning Complaint paragraph 3 (Complaint page 3), **ADMITS** that Defendant maintains an office at the Skytop Office Building in Syracuse, New York 13244.

10.     Concerning the second Complaint paragraph 4 (Complaint page 3), **ADMITS** that Plaintiff purports to bring an action pursuant to the Pregnancy Discrimination Act of 1978 as codified 42 U.S.C. 2000e(k), and **DENIES** the remaining allegations of that paragraph.

11.     Concerning the second Complaint paragraph 5 (Complaint page 3), **ADMITS** that venue is appropriate in this court.

12.     **DENIES** the second Complaint paragraph 6 (Complaint page 3).

13.     **DENIES** the second Complaint paragraph 7 (Complaint page 4).

14. Concerning the second Complaint paragraph 8 (Complaint page 4), asserts that no response is required to the heading set forth therein but to the extent that allegations are incorporated by reference therein, asserts its individual responses to the allegations incorporated by reference.

15. Concerning the third Complaint paragraph 8 (Complaint page 5), asserts that no response is required to the heading set forth therein but to the extent that allegations are incorporated therein by reference, asserts its individual responses to the allegations incorporated by reference.

16. Concerning Complaint paragraph 9, **ADMITS** that Plaintiff was employed by Defendant from August 2004 until January 15, 2014, and **DENIES** the remaining allegations of that paragraph.

17. Concerning Complaint paragraph 10, **ADMITS** that Plaintiff became a tenure track faculty member after she completed her dissertation and that she was a faculty member in the University's Department of Art Foundation in the College of Visual and Performing Arts, and **DENIES** the remaining allegations of that paragraph.

18. **DENIES** Complaint paragraph 11.

19. Concerning Complaint paragraph 12, **DENIES** that Plaintiff "received merit raises for exceptional performance, from both the Chair of the Department and Dean of the College," and **ADMITS** the remaining allegations of that paragraph.

20. Concerning Complaint paragraph 13, **DENIES** that Plaintiff received "a merit raise from the Dean for 2010 calendar year, for exceptional performance," and **ADMITS** the remaining allegations of that paragraph.

21. **DENIES** Complaint paragraph 14.

22.    **DENIES** Complaint paragraph 15.

23.    **DENIES KNOWLEDGE AND INFORMATION** concerning the allegations in Complaint paragraph 16, and therefore **DENIES** that paragraph.

24.    **DENIES KNOWLEDGE AND INFORMATION** concerning the allegations in Complaint paragraph 17, and therefore **DENIES** that paragraph.

25.    Concerning Complaint paragraph 18, **ADMITS** that Plaintiff took disability leave in the Spring 2012 semester and that classes were cancelled, and **DENIES** the remaining allegations of that paragraph.

26.    Concerning Complaint paragraph 19, **ADMITS** that Plaintiff requested that her tenure clock be stopped for the 2011-12 academic year, and that this was approved by Defendant, and **DENIES KNOWLEDGE AND INFORMATION** concerning the remaining allegations of that paragraph, and therefore **DENIES** them.

27.    Concerning Complaint paragraph 20, **ADMITS** that Plaintiff took parental leave during the 2008-09 and 2010-11 academic years, and **DENIES** the remaining allegations of that paragraph.

28.    Concerning Complaint paragraph 21, **ADMITS** that the College of Visual and Performing Arts has an annual Report and Recommendation process for non-tenured faculty and that the process was followed for Plaintiff during the period of her employment, and **DENIES** the remaining allegations of that paragraph.

29.    **DENIES** Complaint paragraph 22.

30.    **DENIES** Complaint paragraph 23.

31.    **DENIES** Complaint paragraph 24.

32.    **DENIES** Complaint paragraph 25.

33. Concerning Complaint paragraph 26, **ADMITS** that Plaintiff informed Department of Foundation Chair Joanna Spitzner that she was treating with health care professionals, and **DENIES** the remaining allegations of that paragraph.

34. Concerning Complaint paragraph 27, **ADMITS** that Spitzner contacted the University's Faculty and Staff Assistance Program for advice, and **DENIES** the remaining allegations of that paragraph.

35. Concerning Complaint paragraph 28, **ADMITS** that Spitzner intervened regarding safety issues associated with a scheduled field trip and made it optional for students, and **DENIES** the remaining allegations of that paragraph.

36. Concerning Complaint paragraph 29, **ADMITS** that discussions were had with Plaintiff regarding her ability to teach classes during the Spring 2013 semester, and **DENIES** the remaining allegations of that paragraph.

37. Concerning Complaint paragraph 30, **ADMITS** that Spitzner had an appropriate conversation with Dana Butler, the University's Leaves & Disabilities Accommodation Coordinator, about Plaintiff, and **DENIES** the remaining allegations of that paragraph.

38. Concerning Complaint paragraph 31, **ADMITS** that Plaintiff's performance was evaluated by her Department during the Spring of 2013, and **DENIES** the remaining allegations of that paragraph.

39. **DENIES** Complaint paragraph 32.

40. Concerning Complaint paragraph 33, **DENIES KNOWLEDGE AND INFORMATION** concerning the allegation that medication was prescribed by her

treating physician and taken in accordance with the prescription and therefore **DENIES** that allegation, and **DENIES** the remaining allegations of that paragraph.

  41. **DENIES KNOWLEDGE AND INFORMATION** concerning the allegations in Complaint paragraph 34, and therefore **DENIES** those allegations.

  42. Concerning Complaint paragraph 35, **ADMITS** that Plaintiff's evaluations contained constructive criticisms, and **DENIES** the remaining allegations of that Paragraph.

  43. Concerning Complaint paragraph 36, **ADMITS** that Plaintiff was notified of the Departmental recommendation to the Dean that her probationary appointment not be renewed, and **DENIES** the remaining allegations of that paragraph.

  44. **DENIES** Complaint paragraph 37.

  45. **DENIES** Complaint paragraph 38.

  46. **DENIES** Complaint paragraph 39.

  47. **DENIES** Complaint paragraph 40.

  48. Concerning Complaint paragraph 41, **ADMITS** that Plaintiff's legal counsel contacted the Defendant to raise concerns about alleged discrimination, **ADMITS** that Plaintiff was reappointed for the 2013-14 academic year, and **DENIES** the remaining allegations of that paragraph.

  49. Concerning Complaint paragraph 42, **ADMITS** that Plaintiff was sent a letter by Dean Ann Clarke regarding her reappointment for the 2013-14 academic year, and **DENIES** the remaining allegations of that paragraph.

  50. Concerning Complaint paragraph 43, **ADMITS** that Dean Clarke sent a reappointment letter to Plaintiff and that the letter detailed her teaching performance as

6

2413310.4

"needs improvement;" her research performance as "poor;" and her service as "poor;" **ADMITS** that the letter indicated that Plaintiff had never received a rating of "excellent;" and **DENIES** the remaining allegations of that paragraph.

51. **DENIES** Complaint paragraph 44.

52. Concerning Complaint paragraph 45, **ADMITS** that Plaintiff was returned to the same Department she had previously been assigned to, and **DENIES** the remaining allegations of that paragraph.

53. Concerning Complaint paragraph 46, **ADMITS** that Plaintiff applied for and received disability leave under the University's Salary Continuance Plan from August 2013 until early December 2013, and **DENIES KNOWLEDGE AND INFORMATION** concerning the remaining allegations of that paragraph and therefore **DENIES** them.

54. Concerning Complaint paragraph 47, **ADMITS** that Plaintiff did not ask for tenure clock stoppage, and **DENIES KNOWLEDGE AND INFORMATION** concerning the remaining allegations of that paragraph and therefore **DENIES** them.

55. **DENIES** Complaint paragraph 48.

56. Concerning Complaint paragraph 49, **ADMITS** that the University inquired about utilizing Plaintiff's office space while she was on leave, which is consistent with other leave situations, and **DENIES** the remaining allegations of that paragraph.

57. **DENIES** Complaint paragraph 50.

58. Concerning Complaint paragraph 51, **DENIES KNOWLEDGE AND INFORMATION** concerning the allegations in that paragraph, and therefore **DENIES** them.

2413310.4

59. Concerning Complaint paragraph 52, **ADMITS** that Plaintiff's legal counsel contacted the University in or about December 2013, and **DENIES** the remaining allegations of that paragraph.

60. Concerning Complaint paragraph 53, **ADMITS** that Defendant contacted Plaintiff concerning her teaching assignments for the Spring 2014 semester, and **DENIES** the remaining allegations of that paragraph.

61. Concerning Complaint paragraph 54, **ADMITS** that Plaintiff's legal counsel forwarded a draft copy of an EEOC Charge to the University, and **DENIES** the remaining allegations of that paragraph.

62. Concerning Complaint paragraph 55, **ADMITS** that Plaintiff's legal counsel and legal counsel for the University had conversations in December 2013 and January 2014, and **DENIES** the remaining allegations of that paragraph.

63. Concerning Complaint paragraph 56, **ADMITS** that the University engaged in email correspondence with Plaintiff regarding her teaching assignments for the Spring 2014 semester, and **DENIES** the remaining allegations of that paragraph.

64. Concerning Complaint paragraph 57, **ADMITS** that the University asked Plaintiff to specify courses that she would teach from a group of potential offerings and advised her that if she did not respond, classes would be assigned to her, and **DENIES** the remaining allegations of that paragraph.

65. Concerning Complaint paragraph 58, **ADMITS** that Plaintiff was assigned classes to teach for the Spring 2014 semester, and **DENIES** the remaining allegations of that paragraph.

66. Concerning Complaint paragraph 59, **ADMITS** that the Spring 2014 semester began on January 13, 2014, and **DENIES** the remaining allegations of that paragraph.

67. Concerning Complaint paragraph 60, **DENIES KNOWLEDGE AND INFORMATION** concerning the allegations about what Plaintiff was advised by her legal counsel and why and therefore **DENIES** those allegations, and **DENIES** the remaining allegations of that paragraph.

68. Concerning Complaint paragraph 61, **ADMITS** that the University expected that Plaintiff would teach her assigned classes during the Spring 2014 semester, and **DENIES** the remaining allegations of that paragraph.

69. Concerning Complaint paragraph 62, **ADMITS** that the University cancelled Plaintiff's assigned classes and asserts that they were cancelled due to her refusal to teach, and **DENIES** the remaining allegations of that paragraph.

70. Concerning Complaint paragraph 63, **ADMITS** that Plaintiff contacted Defendant on January 15, 2014 and asked if she was being placed on leave for the Spring 2014 semester, and **DENIES** the remaining allegations of that paragraph.

71. Concerning Complaint paragraph 64, **ADMITS** the Plaintiff was informed that she was deemed to be a voluntary quit due to the fact that she refused to perform her duties, and **DENIES** the remaining allegations of that paragraph.

72. Concerning Complaint paragraph 65, **ADMITS** that Plaintiff was notified that she was being separated due to job abandonment and that Plaintiff was denied unemployment insurance benefits, and **DENIES** the remaining allegations of that paragraph.

2413310.4

73. Concerning Complaint paragraph 66, **ADMITS** that Plaintiff's employment ceased on January 15, 2014, and **DENIES** the remaining allegations of that paragraph.

74. Concerning Complaint paragraph 67, asserts that no response is required and to the extent that the heading implies that Plaintiff has stated a cause of action and/or is entitled to relief under the ADA, **DENIES** that paragraph.

75. Concerning Complaint paragraph 68, asserts and incorporates by reference its individual answers to each of the individual Complaint paragraphs incorporated therein.

76. **DENIES** Complaint paragraph 69.

77. **DENIES** Complaint paragraph 70.

78. **DENIES** the first numbered Complaint paragraph 71.

79. Concerning the second numbered Complaint paragraph 71, asserts that no response is required and to the extent that the heading implies that Plaintiff has stated a cause of action and/or is entitled to relief for pregnancy discrimination under Title VII, **DENIES** that paragraph.

80. Concerning Complaint paragraph 72, asserts and incorporates by reference its individual answers to each of the individual Complaint paragraphs incorporated therein.

81. **DENIES** Complaint paragraph 73.

82. **DENIES** Complaint paragraph 74.

83. **DENIES** Complaint paragraph 75.

84. Concerning Complaint paragraph 76, asserts that no answer is required to the heading set forth therein and to the extent that the heading implies that Plaintiff has

2413310.4

stated a cause of action and/or is entitled to relief under the Human Rights Law of New York State, **DENIES** that paragraph.

85. Concerning Complaint paragraph 77, asserts and incorporates by reference its individual answers to each of the individual Complaint paragraphs incorporated therein.

86. **DENIES** Complaint paragraph 78.

87. **DENIES** Complaint paragraph 79.

88. **DENIES** Complaint paragraph 80.

89. Concerning Complaint paragraph 81, **ADMITS** that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about January 30, 2014, and **DENIES** the remaining allegations of that paragraph.

90. Concerning Complaint paragraph 82, **ADMITS** that the Equal Employment Opportunity Commission issued a right to sue notice on or about August 13, 2014, and **DENIES** the remaining allegations in that paragraph.

91. **ADMITS** Complaint paragraph 83.

92. **ADMITS** Complaint paragraph 84.

93. **ADMITS** Complaint paragraph 85.

94. Asserts that Complaint paragraph 86 does not require a response and to the extent a claim for relief is implied, **DENIES** that paragraph.

95. Concerning Complaint paragraph 87, asserts and incorporates by reference its individual answers to each of the individual Complaint paragraphs incorporated therein.

2413310.4

96. Concerning Complaint paragraph 88, **DENIES** that any relief is appropriate whatsoever and **DENIES** any implied allegation of discrimination or retaliation.

97. **DENIES** each and every allegation not specifically admitted herein.

### DEFENSES & AFFIRMATIVE DEFENSES

98. Some or all of Plaintiff's claims for relief are barred because the Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

99. Some or all of Plaintiff's claims for relief are barred because Plaintiff has failed to mitigate her alleged damages, the existence of which is denied.

100. Some or all of Plaintiff's claims for relief are barred because Plaintiff was separated from her employment with the University solely due to legitimate, non-discriminatory and non-retaliatory business reasons.

101. Some or all of Plaintiff's claims for relief are barred because Plaintiff is barred from obtaining relief against Defendant because Defendant's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law.

102. Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including her failure to file an administrative charge with the EEOC within 300 days of the alleged discriminatory acts.

103. Some or all of Plaintiff's claims are barred by her failure to exhaust her administrative remedies under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964.

104. Some or all of Plaintiff's claims for relief are barred by the limitations on damages set forth in the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

105. Some or all of Plaintiff's claims are barred by Plaintiff's failure to make a complaint under Defendant's complaint procedure during her employment and/or by Defendant's reasonable response to any such complaints as filed.

106. Plaintiff's Complaint must be dismissed for insufficient service of process as Plaintiff failed to serve the Summons and Complaint in accordance with Rules 4(c) and 4(h) of the Federal Rules of Civil Procedure.

107. Plaintiff's Complaint must be dismissed for insufficient process because of her failure to serve the Complaint on Defendant.

108. Plaintiff's failure to serve the Summons and Complaint in accordance with the Federal Rules of Civil Procedure deprives this Court of personal jurisdiction over the Defendant in this matter.

109. Defendant has established policies to comply with the federal and state anti-discrimination, anti-retaliation and disability accommodation laws, including Title VII, the ADA, and the New York State Human Rights Law, and has acted in good faith, without intent to violate and without reckless disregard of those laws.

110. Some or all of Plaintiff's claims are barred, in whole or in part, because these claims are beyond the scope of the charge of discrimination she filed previously with the EEOC.

111. Some or all of Plaintiff's claims are barred, in whole or in part, because she was not a qualified individual with a disability under the ADA and New York Human Rights Law.

112. Some or all of Plaintiff's claims under the New York Human Rights Law are barred, in whole or in part, by that statute's election of remedies requirement due to

2413310.4

her filing of an administrative complaint with the New York State Division of Human Rights.

113.	Plaintiff is not entitled, on the law or the facts, to any of the damages claimed, including, but not limited to, punitive damages.

114.	Defendant reserves the right to raise additional defenses that may be discovered in the course of litigation.

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed in its entirety, together with such other and further relief as the court may deem just and appropriate.

Dated:  December 1, 2014			BOND, SCHOENECK & KING, PLLC

						By:	s/Andrew D. Bobrek
							Peter A. Jones, Esq. (506918)
							Andrew D. Bobrek, Esq. (515284)
						*Attorneys for Defendant Syracuse University*
						One Lincoln Center
						Syracuse, New York 13202-1355
						Telephone:  (315) 218-8000
						Facsimile:  (315) 218-8100
						Email:  pjones@bsk.com
						Email:  abobrek@bsk.com

TO:	Elizabeth Jane Fowler
	*Plaintiff, pro se*
	1062 Lancaster Avenue
	Syracuse, New York 13210