UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELIZABETH JANE FOWLER,

                     Plaintiff *Pro Se*,

     v.

SYRACUSE UNIVERSITY,

                     Defendant.
_____

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Civil Action No.
6:14-CV-1350 (BKS/TWD)

      Subject to the approval of the Court, it is hereby stipulated and agreed by Plaintiff and Defendant, through its legal counsel, as follows:

      1.    <u>Purpose and Basis for this Stipulated Protective Order</u>:  It is the purpose of this Stipulation and Order to facilitate discovery and to maintain free from public disclosure and otherwise reasonably limit dissemination of material that is claimed to be confidential that is produced in the course of the above-captioned action, without in the first instance resolving the issue of whether such material is in fact confidential. The following procedure shall govern the production, exchange, and subsequent handling of documents, deposition transcripts, deposition exhibits, answers to interrogatories, responses to requests to admit, and all other written, recorded or physical matter of tangible things produced by or obtained from any Party or non-party during the course of this action and designated as "Confidential Information" by a Producer as defined below.

      2.    <u>Definitions</u>:

          a)    "Confidential Information" means any document, information, or testimony within the categories set forth in Paragraph 2(b) below and which is revealed or produced in any formal or informal discovery (whether in the form of depositions, transcripts,

1

interrogatory answers, document productions, responses to requests to admit, or otherwise), as well as all information contained therein or derived therefrom, including materials which quote or summarize Confidential Information, whether from a Party or a third-party.

      b)      For purposes of this Stipulation and Order, "Confidential Information" shall include: (a) Social Security numbers, bank or other financial account numbers, and any other materials containing, reflecting, or otherwise disclosing private personal information; (b) sensitive business or commercial information that normally would not be revealed to third parties; (c) employment records and/or information which refer or relate in any way to University personnel other than Plaintiff including but not limited to pay records, evaluative materials, performance reviews and assessments, personally identifying information or other information about University personnel that is not publically available; (d) educational records or other student records; (e) Federal, state and local income tax records; (f) any and all medical records, and diagnostic information, and prescription history; (g) any and all information related to marital or divorce proceedings and subsequent orders; or (h) other information required by law or agreement to be kept confidential.

      c)      "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

      d)      Information is not Confidential Information if it is publicly disclosed in a printed publication; was, is or becomes public knowledge, not in violation of this Order; was known to any Recipient without breach of any obligation of confidentiality before the Producer produced it, or is or becomes known to any Recipient by means not constituting a

breach of this Order.  Information is likewise not Confidential Information if a person lawfully obtained it independently of this litigation.

    3.    <u>Designation of Confidential Information</u>:

    a)    A person's designation of information as Confidential Information means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

    b)    A person designates information in a document or thing as Confidential Information by clearly and prominently marking it on its face as "CONFIDENTIAL."

    c)    A person designates information in deposition testimony as Confidential Information by stating on the record at the deposition that the information is Confidential Information or by advising the opposing Party and the stenographer and videographer in writing, within fourteen (14) days after receipt of the deposition transcript, that the information is Confidential Information.

    d)    A person's failure to designate a document, thing, or testimony as Confidential Information does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.  Any Party may request that a document, thing or testimony be designated as Confidential Information after it has been produced in the course of discovery.  Such request shall be honored by the parties to the extent reasonably practicable, unless disputed in the manner described in paragraph 3(f) below.

    e)    A Party who has designated information as Confidential Information may withdraw the designation by written notification to the other Party in the case.

f) The designation of information as Confidential Information by the Producer pursuant to this Stipulation and Order shall not waive or affect in any way the right of the Recipient to contest the designation at a later time. Whenever a Party objects to the designation of a document or testimony as Confidential Information, the Party may apply to the Court for a ruling that the document or testimony shall not be so designated. Until the Court enters an order changing the designation of the document, testimony, or information, it shall be given confidential treatment in accordance with this Stipulation and Order. In any dispute concerning the designation of information as Confidential, the designating Party shall bear the burden of establishing that the Confidential Information designation be maintained. A Party's failure to contest a designation of information as Confidential Information is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential Information</u>:

a) Confidential Information may be used exclusively for purposes of this litigation, subject to the further restrictions of this Stipulation and Order.

b) Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential Information to any Person other than the following: (i) a Party's outside counsel of record, including necessary paralegal and secretarial and clerical personnel assisting such counsel; (ii) a Party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) a named Party and a Party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) independent electronic discovery vendors; (vi) experts and consultants and their staff whom a Party employs for purposes of this litigation

4

only; and (vii) the Court and personnel assisting the Court, including court-appointed mediators and their staffs.

    c)  Notwithstanding paragraphs 4(b): (i) nothing contained herein shall prevent a Producer's disclosure of or restrict a Producer's use of its own Confidential Information; and (ii) a Party may disclose Confidential Information to a Rule 30(b)(6) witness designated by the Producing Party; any employee of the Producer who authored the document or whose name appears as a sender or recipient of the document; and any Person who was, but is no longer, employed by the Producer, and whose name appears as the author, sender or recipient of the document.

    d)  A Party who wishes to disclose Confidential Information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the Producer's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

    5.  <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of the privilege and/or protection. In accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, a Producer may request the return or destruction of any inadvertently produced privileged material, including any transcripts, copies, excerpts, abstracts, summaries or descriptions thereof. If a Producer requests the return or destruction of any inadvertently produced privileged material that is in the custody of the Recipient or a non-party, such party shall, within ten (10) business days, either return to the Producer or destroy such privileged material along with all transcripts, copies, excerpts, abstracts, summaries or descriptions thereof.

6. <u>Filing with the Court</u>: Any Party seeking leave to file with the Court Confidential Information obtained during pretrial discovery and subject to this Stipulation and Order must apply for and obtain court permission to file such information under seal. If a Party wishes to file in the public record a document that another Producer has designated as Confidential Information, the Party must advise the Producer of the document no later than ten (10) business days before the document is due to be filed, so that the Producer may move the Court to require the document to be filed under seal.

7. <u>Document Disposal</u>: Promptly upon the conclusion of this case, each Party must destroy all documents and copies of documents containing a Producer's Confidential Information. The Party destroying the Producer's Confidential Information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Stipulation and Order.

8. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing Party has it, must be made available to any other Party within fourteen (14) days after a written request.

9. <u>Survival of Obligations</u>: This Stipulation and Order's obligations regarding Confidential Information survive the conclusion of this case.

BOND, SCHOENECK & KING, PLLC

By: _____
　　Peter A. Jones (506918)
　　Andrew D. Bobrek (515284)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

*Attorneys for Defendant Syracuse University*

Dated: August 18, 2015

**SO ORDERED:**

_____
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
Dated: August 19, 2015
　　　　Syracuse, New York

ELIZABETH JANE FOWLER, *PRO SE*

By: _____
　　Elizabeth Jane Fowler

1062 Lancaster Ave
Syracuse, New York 13210

*Plaintiff, Pro Se*

Dated: August 13, 2015