UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Elizabeth J. Fowler,

                       Plaintiff,

vs.                                       Civil Action No.: 5:14-cv-1350
                                             (LEK-TWD)

Syracuse University

                       Defendants.

---

Date: November 9, 2015.


# PLAINTIFF'S MOTION TO COMPEL ANSWERS FOR FIRST AND SECOND SET OF <u>REQUESTS FOR ADMISSION</u> FROM DEFENDANT

Elizabeth Fowler, Plaintiff, Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, moves the Court to compel Defendant Syracuse University to comply with their discovery obligations and produce responses to Plaintiff's two sets of "Requests for Admission," dated September 4, 2015 and September 17, 2015, respectively.

Most of the Defendant's answers to the "Requests for Admission" were either missing or incomplete, due to stated objections, both general and specific, which the Plaintiff argues were employed to prevent the discovery of relevant information that will lead to the discovery of admissible evidence and hinder the Plaintiff's acquisition of information during the pre-trial period.

Plaintiff served a "Deficiency Notice" via USPS dated October 24, 2015, notifying the Defendants that they were "deficient" in answering the two sets of "Requests for Admission," which had been returned to Plaintiff on October 23, 2015. Plaintiff provided Defendant seven (7) days to "provide answers to all requests in both sets of submitted 'Requests for Admission.'"

Defense failed to comply with the deadline stated by the Plaintiff in the "Deficiency Notice," stating in an email dated November 3, 2015, that "[y]our [Plaintiff's] blanket objection, without more, leaves us with no understanding of your objection and therefore gives us no basis to respond with an explanation, a supplemental response, *etc.*." The definition of the term "deficient" indicates that Defense's answers were inadequate, i.e. missing or incomplete, and Plaintiff made a "good faith" effort to attempt to confer with the Defendant in an effort to obtain it without court action.

In the first set of RFAs, Defense objects to basic information regarding votes by her Department as a recommendation for a contract renewal for AY2004-05 and AY2005-06 (RFAs NO.1). Plaintiff is establishing that prior to the vote taken to terminate her employment with Defendant she has not, since commencing employment with the Defendant in 2004, received a single dissenting vote in favor the renewal of her contract until her final year, where there was a de facto unanimous vote recommending to *not* to renew her contract and thus terminate her employment as a tenure-track professor employed by the Defendant.

The bigger issues arise in the second set of RFAs regarding three separate issues. The first is the issue regarding whether the Defendant had a qualified individual or individuals responsible for the Defendant's compliance with Title VII or the Americans with Disabilities Act while the Defendant employed the Plaintiff (RFA NO. 4; RFA NO.5; RFA NO.6; RFA NO.7; RFA NO.8). Per their own admission, there was a dedicated individual for Title IX issues who held a J.D., (RFA NO.3) but the Defense, when asked to ADMIT that the Defendant has no Title VII or ADA compliance coordinator during the time the Plaintiff was employed by the Defendant, refused to answer either RFA (RFA NO.4; RFA NO.5) objecting that the request was "argumentative, vague, [or] not relevant." Moreover, the same objection was evoked to avoid answer the RFA (RFA NO.6) admitting that the first permanent and current "Director of ADA and ADA/503/504 Coordinator" was only hired *after* the Defendant illegally terminated the Plaintiff. These are key issues, "relevant to the Plaintiff's claim in this litigation that are calculated to lead to the discovery of admissible evidence."

The second issue is that the Defense refuses to answer RFAs pertaining to the knowledge and training of individuals involved in hiring and terminating employment for the Defendant, asking the Defendant to ADMIT that individuals who "possessed authority to make hiring and termination recommendations with respect to certain employees with the CVPA and hiring and termination decisions regarding some employees within the CVPA" lacked basic training on or knowledge of statues, case law, or employment implications pertaining to Title VII and ADA law, and there were no qualified individuals employed by the Defendant who were qualified to ensure coordination nor compliance with Federal, State, and Local labor and employment laws (RFA NO.9; RFA NO. 10; RFA NO.11; RFA NO. 12; RFA NO. 13; RFA NO. 14; RFA NO. 15). The Defense objected again on the grounds that the RFAs were "argumentative, vague, [or] not relevant." The Defendant, during the time that the Defendant employed the Plaintiff, has a qualified individual to address concerns regarding Title IX law, but the Defendants are objecting to answering questions regarding Title VII and ADA law, and their objections are unfounded and only intended to prevent the Plaintiff from gaining information that is "relevant to the Plaintiff's claim in this litigation that is calculated to lead to the discovery of admissible evidence."

The third issue relates to an individual who was employed by the Defendant during a time that directly overlapped with the time duringwhich the Defendant employed the Plaintiff (RFA NO. 15; RFA NO.16; RFA NO. 17; RFA NO. 18; RFA NO. 19; RFA NO. 20; RFA NO.21; RFA NO. 22; RFA NO. 23; RFA NO. 24; RFA NO. 25; RFA NO. 26;

RFA NO. 27; RFA NO. 28). The Defendant seemingly ensured that this individual's ADA-qualifying disability was not used as grounds for termination, despite the allegations that this individual was purportedly charged with *criminal actions* against a female graduate student. The Defendant appears to have complied with Federal, State, and Local statues regarding labor and employment law for this individual, but not for the Plaintiff, and the "ADA-qualifying disability" was not an impediment to continued employment, although this individual was allegedly moved to a different location on campus. The key variables, which seemingly resulted in marked differences between the two cases are that this faculty member was male and had not taken any recent "parental leaves" between 2004 and 2014, the years when the Defendant employed the Plaintiff. The College of Visual and Performing Arts (CVPA) employed this individual, the Dean of the College determined his employment status, and his case resulted in a very different outcome than that of the Plaintiff, despite the fact that he was allegedly charged with *criminal actions* against a female graduate student in CVPA's "Museum Studies" program. For all fourteen (14) of these RFAs, the Defendants objected on the grounds, once again, that the requests were "argumentative, vague, not relevant to Plaintiff's claims in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence."

Under 404(b) of the Federal Rules of Evidence, information is admissible as evidence if it can demonstrate, at a minimum, "motive" and "intent," which in this case would be the Defendant's calculated "motive[s]" and "intent" in upholding discriminatory practices against a female faculty member who was protected under both Title VII and the ADA. Moreover, the Plaintiff has requested (Interrogatory NO. 23) that the Defendant "[l]ist all internal or external charges, investigations and complaints of discrimination due to disability discrimination, pregnancy status, or disability leaves filed in the last ten years against the University." The RFAs (Nos. 15-28) are relevant information, especially in combination with the information the Defense provides in the Interrogatories.

Both sets of RFAs, seventeen (17) in the first set and twenty-eight (28) in the second set, are directly relevant to Plaintiff's claim in this litigation and are reasonably calculated to lead to the discovery of admissible evidence, and Defense's stated objections, both their "General Objections," and their further objections and ASSERTIONS included for every RFA requested by the Plaintiff, are unsubstantiated and without valid justification. For the reasons set forth herein above, the Plaintiff respectfully requests that the Court enter an order compelling the Defendant to answer comprehensively all questions submitted in both sets of "Requests for Admission" within a reasonable time period.

Sincerely,

*[signature]*

Elizabeth J. Fowler
*Pro Se* Litigant
1062 Lancaster Avenue
Syracuse, NY 13210
(315) 456-9073
nureonnasan@gmail.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Elizabeth J. Fowler,

                Plaintiff,

vs.                                  Civil Action No.: 5:14-cv-1350
                                                (LEK-TWD)

Syracuse University

                Defendants.

---

      THIS IS TO CERTIFY that on November 12, 2015, the Plaintiff's "MOTION COMPEL ANSWERS FOR FIRST AND SECOND SET OF REQUESTS FOR ADMISSION FROM DEFENDANT," were served by Elizabeth J. Fowler, *Pro Se* Plaintiff, upon Peter Jones, Esq. and Andrew D. Bobrek, Esq., attorneys for the Defendant, via the USPS mailbox, located at the Teall Avenue Post Office, Syracuse, NY 13210 to Mr. Jones and Mr. Bobrek, attorneys for the Defendant at the firm of Bond, Schoeneck, and King, and sent to the following address: One Lincoln Center, Syracuse, NY, 13202-1355.

Dated: November 12, 2015

                                                        Elizabeth J. Fowler
                                                        *Pro Se* Litigant
                                                        1062 Lancaster Avenue
                                                        Syracuse, NY  13210
                                                        (315) 456-9073
                                                        nureonnasan@gmail.com