UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELIZABETH JANE FOWLER,

                Plaintiff,

    -against-

SYRACUSE UNIVERSITY,

                Defendant.

Civil Action No. 5:14-CV-1350 (BKS/TWD)

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendant Syracuse University*
Peter A. Jones, Esq.
Andrew D. Bobrek, Esq.
Office and Post Office Address
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000

# TABLE OF CONTENTS

RELEVANT FACTUAL HISTORY ........................................................................................ 1

ARGUMENT .................................................................................................................... 4

POINT I   PLAINTIFF'S MOTION MUST BE DENIED BECAUSE OF HER FAILURE TO COMPLY WITH THE FCRP AND LOCAL RULES ............................................................ 5

POINT II   PLAINTIFF'S MOTION MUST BE DENIED BECAUSE DEFENDANT HAS COMPLIED WITH ITS OBLIGATIONS UNDER THE FRCP ..................................................... 7

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Amer. Steamship Owners Mut. Prot. and Indem. Assoc. v. Alcoa Steamship Co.*,
2006 U.S. Dist. LEXIS 4265 (S.D.N.Y. Feb. 2, 2006) ............................................................. 9

*Azkour v. Haouzi*,
2014 U.S. Dist. LEXIS 126100 (S.D.N.Y. Sept. 9, 2014) ............................................. 8, 9, 10

*Brown v. Selsky*,
1997 U.S. Dist. LEXIS 7597 (N.D.N.Y. Apr. 15, 1997) ......................................................... 6

*Byng v. Campbell*,
2008 U.S. Dist. LEXIS 83656 (N.D.N.Y. Oct. 20, 2008) .................................................. 7, 9

*Dubin v. E.F. Hutton Group, Inc.*,
125 F.R.D. 372 (S.D.N.Y. May 2, 1989) ............................................................................ 7, 9

*Eng v. Thieren*,
2006 U.S. Dist. LEXIS 96424 (N.D.N.Y. Oct. 10, 2006) .................................................. 6, 7

*Hamilton v. Kerik*,
2002 U.S. Dist. LEXIS 241 (S.D.N.Y. Dec. 10, 2002) ........................................................ 10

*Lebron v. Swailek*,
2008 U.S. Dist. LEXIS 21709 (N.D.N.Y. Mar. 19, 2008) ...................................................... 6

*Maruzen Int'l Co. v. Bridgeport Merchandise, Inc.*,
1991 U.S. Dist. LEXIS 9233 (S.D.N.Y. July 10, 1991) .......................................................... 7

*Pickering-George v. Cuomo*,
2010 U.S. Dist. LEXIS 129669 (N.D.N.Y. Dec. 7, 2010) ...................................................... 6

*Wiwa v. Royal Dutch Petroleum, Co.*,
2009 U.S. Dist. LEXIS 45621 (S.D.N.Y. May 21, 2009) .......................................... 7, 8, 9, 10

**Other Authorities**

Fed. R. Civ. P. § 26 ........................................................................................................................ 9

Fed. R. Civ. P. § 26.2 ................................................................................................................. 4, 6

Fed. R. Civ. P. § 36 ......................................................................................................... 4, 7, 8, 10

Fed. R. Civ. P. § 36(4) .................................................................................................................. 7

Fed. R. Civ. P. § 36(5) ............................................................................................................... 7, 8

Fed. R. Civ. P. § 37 ............................................................................................................4, 5

Fed. R. Civ. P. § 37(a) ...........................................................................................................5

NDNY Local Rule § 7.1(a) ....................................................................................................7

NDNY Local Rule § 7.1(a)(2) ......................................................................................4, 6, 7

NDNY Local Rules § 7.1(b)(2) .............................................................................................6

NDNY Local Rule § 7.1(d) .............................................................................................4, 6

NDNY Local Rules § 7.1(d)(2) .............................................................................................5

NDNY Local Rules § 7.1(d)(8) ........................................................................................4, 6

## RELEVANT FACTUAL HISTORY

On September 4, 2015, Plaintiff sent via e-mail a document – entitled "Plaintiff's First Set of Requests for Admissions" (the "First RFAs") – to Defendant's attorneys of record, Peter Jones and Andrew Bobrek of Bond, Schoeneck & King, PLLC. *See Declaration of Andrew D. Bobrek ("Bobrek Decl.")* ¶ 2. On September 17, 2015, Plaintiff sent via e-mail another document – entitled "Plaintiff's Second Set of Requests for Admissions" (the "Second RFAs") – to Jones and Bobrek. *Bobrek Decl.* ¶ 5.

On September 25, 2015, Plaintiff was notified in writing: (i) that Defendant had received via e-mail the First RFAs and Second RFAs (collectively, the "Requests"); (ii) that Plaintiff had not sought, and Defendant had not provided, its advance written consent to service of the Requests via e-mail; and (iii) that Defendant had not received service of the Requests through any other means set forth in the Federal Rules of Civil Procedure ("FRCP"). *Bobrek Decl.* ¶ 8, *Exhibit A*. Plaintiff was also advised that Defendant was amenable to accepting electronic service of the Requests, effective September 25, 2015, and that, provided Plaintiff was agreeable to this arrangement, Defendant's responses to the Requests would be due 30 days from that date. *Bobrek Decl.* ¶ 9, *Exhibit A*. This arrangement was acceptable to Plaintiff, and Defendant subsequently confirmed that it would respond to the Requests as agreed by October 25, 2015. *Bobrek Decl.* ¶¶ 10 and 11, *Exhibits B* and *C*.

On October 23, 2015, Defendant duly served the following documents: "Defendant Syracuse University's Response to Plaintiff's First Set of Requests for Admissions" and "Defendant Syracuse University's Response to Plaintiff's Second Set of Requests for Admissions" (collectively, the "RFA Responses"). *Bobrek Decl.* ¶ 12, *Exhibits D* and *E*. On

October 24, 2015, Plaintiff mailed correspondence to Defendant's counsel, stating that the RFA Responses were "DEFICIENT." *Bobrek Decl.* ¶ 14, *Exhibit F.*

A copy of Plaintiff's self-described "Deficiency Notice" was received via mail on Monday, October 26, 2015. *Bobrek Decl.* ¶ 15. In this letter, Plaintiff did not provide any detail or specific explanation as to why she deemed the RFA Responses to be deficient. *Bobrek Decl.* ¶ 14. That same day, Bobrek attempted to contact Plaintiff by telephone in order to confer about the specific basis of her apparent dissatisfaction with the RFA Responses. *Bobrek Decl.* ¶ 15. Plaintiff did not answer this call and Bobrek left her a voice mail message, indicating that he wished to speak with her. *Id.*

Later that same day, Plaintiff sent the following e-mail message:

> Dear Mr. Bobrek,
>
> I received your voice mail. I will not discuss anything via phone. Everything will be in writing to facilitate, if need be, providing Judge Dancks with documentation of the actions, or non-actions, of you [sic] law firm on behalf of S.U.
>
> Elizabeth Fowler, Ph.D.

*Bobrek Decl.* ¶ 16, *Exhibit G.* Plaintiff subsequently asserted that she would be filing a "Motion to Compel" based on her general assertion that the RFA Responses were "deficient." *Bobrek Decl.* ¶ 17, *Exhibit H.*

Bobrek promptly responded to Plaintiff's advisement, reiterating that he had attempted to converse with her so that Defendant could understand the basis of her objection to the RFA Responses and then assess how to respond that objection. *Bobrek Decl.* ¶ 18, *Exhibit H.* Bobrek stated that Plaintiff's blanket objection, alone, "leaves [Defendant] with no understanding of [her] objection and therefore gives [Defendant] no basis to respond with an explanation, a

2

supplemental response, *etc.*" *Bobrek Decl.* ¶ 19, *Exhibit H.* Bobrek also stated: "Please articulate your objection to us, via an in-person meeting, a phone call, or in writing so that we may evaluate that information and respond." *Bobrek Decl.* ¶ 20, *Exhibit H.*

Plaintiff did not provide any detail or specific explanation as to why she deemed the RFA Responses to be deficient. *Bobrek Decl.* ¶ 21, *Exhibit H.* The only additional statement that Plaintiff offered providing some insight was as follows: "You did not answer [the Requests], and your objections are patently false." *Id.* Further, Plaintiff advised that it was "obviously [her] mistake to have assumed that two lawyers at a reputable law firm would be able to determine this by on [sic] their own without [her] assistance," and that counsel for Defendant should "re-read" her requests "and see if [we] might possibly be able to understand how they are related to the case." *Bobrek Decl.* ¶ 22, *Exhibit H.* Plaintiff also reiterated that she intended to file a "Motion to Compel." *Bobrek Decl.* ¶ 21, *Exhibit H.*

In response to this message, Bobrek suggested to Plaintiff that the parties request a conference with the Court to resolve this and other discovery-related issues, and asked about Plaintiff's availability for such a conference. *Bobrek Decl.* ¶ 23, *Exhibit H.* Plaintiff replied that she would be filing her "Motion to Compel" on the following morning, November 4, 2015. *Bobrek Decl.* ¶ 24, *Exhibit H.* Plaintiff also advised that she would only provide her availability for a conference *after* confirming the Court "had received all of this information." *Id.*

On November 12, 2015 at 10:12 am, counsel for Defendant sent Plaintiff an e-mail, discussing the parties' status conference with the Court on the following morning, advising Plaintiff that Defendant had not received any paperwork relating to her previously-referenced motion, and inquiring whether Plaintiff had filed and served any such paperwork. *Bobrek Decl.* ¶ 25, *Exhibit H.* Plaintiff responded at 5:10 pm that her motion papers had been filed with the

3

Court, and, upon further inquiry, she later reported that the papers had been served via mail earlier that same afternoon. *Bobrek Decl.* ¶ 26, *Exhibit H.*

After discussion at the parties' status conference on November 13, 2015, the Court accepted Plaintiff's motion to compel discovery under Rule 37 of the FRCP (Document No. 22) and set a motion briefing schedule (Text Notice, November 16, 2015).

## ARGUMENT

Plaintiff's motion to compel discovery must be denied for two separate and independent reasons.

*First*, Plaintiff has not complied with the necessary requirements under the FRCP and the Local Rules of Practice of the United States District Court for the Northern District of New York (the "Local Rules") in bringing her motion to compel. In this regard, Plaintiff has failed to "meet and confer" with Defendant in good faith, as required under Rule 37 of the FRCP ("Rule 37") and Rule 7.1(d) of the Local Rules, has failed to provide a copy of the discovery materials in question to the Court as required under Local Rules 7.1(d)(8) and 26.2, and has failed to submit an affidavit in support of her motion as required under Rule 7.1(a)(2) of the Local Rules.[1]

*Second*, Defendant has appropriately responded to the Requests in conformity with Rule 36 of the FRCP ("Rule 36"). Further, Plaintiff's apparent dispute over the validity of Defendant's objections and the veracity of its denials in the RFA Responses does not provide a proper basis for the Court to grant the present motion.

---

[1] The Court accepted this motion at the conference on November 13, 2015, allowing the motion to be filed notwithstanding Plaintiff's failure to contact the Court and request a conference prior to filing the motion, as required under the Local Rules. Defendant does not understand that the Court addressed any other issues regarding compliance with the Local Rules and therefore briefing on those issues is set forth herein.

These points are discussed more fully below.

## POINT I

### PLAINTIFF'S MOTION MUST BE DENIED BECAUSE OF HER FAILURE TO COMPLY WITH THE FCRP AND LOCAL RULES

Rule 37 of the FRCP makes clear that parties have an obligation to "meet and confer" regarding discovery-related disputes arising in the course of litigation. FED. R. CIV. P. § 37(a). The purpose of this requirement is for the parties – in particular, the moving party in any subsequent motion to compel discovery – to make a good faith effort to resolve such disputes without court intervention. *Id.*

The Local Rules reiterate these requirements, and additionally state that, prior to filing a motion to compel, a moving party:

> *must confer in detail* with the opposing party concerning the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and *to arrive at a mutually satisfactory resolution. Failure to do so may result in denial of a motion to compel discovery and/or imposition of sanctions.*

Local Rules § 7.1(d)(2) (emphasis added). Plaintiff has failed to satisfy these requirements.

As an initial matter, Plaintiff refused to meet and confer either in person or via telephone regarding her objection to the RFA Responses. Plaintiff insisted that she would only communicate in writing, which precluded a real-time discussion and exchange of information that could have helped resolve the present dispute. Defendant repeatedly attempted to engage Plaintiff – including via written communications – in a good faith attempt to gather more information and understand the basis of her objection to the RFA Responses.

Defendant made these efforts because Plaintiff's original correspondence, alleging that the RFA Responses were "DEFICIENT," did not explain the specific basis for her objection. And despite Defendant's efforts to gather more information – including its explicit request that

5

Plaintiff "articulate [her] objection to us, via an in-person meeting, a phone call, or in writing so that we may evaluate that information and respond" – she refused to provide any detail about her objection. Rather, Plaintiff repeatedly asserted a generic, blanket objection that the RFA Responses were "deficient," and directed the undersigned attorneys to "re-read" the Requests and determine the basis of her objection "on their own."

In sum, Plaintiff did not meet and confer in detail regarding her objection to the RFA Responses and she did not make a good faith effort to arrive at a mutually satisfactory resolution before filing the present motion. Accordingly, Plaintiff's motion to compel discovery must be denied. *See Brown v. Selsky*, 1997 U.S. Dist. LEXIS 7597, *9-11, 14 (N.D.N.Y. Apr. 15, 1997) (dismissing *pro se* plaintiff's motion to compel discovery due to non-compliance with Local Rules, and noting "[i]t may be that plaintiff is unsatisfied with defendants' responses, but it is incumbent upon him to attempt, in good faith, to resolve all discovery disputes before bringing them to the attention of the Court."); *Eng v. Thieren*, 2006 U.S. Dist. LEXIS 96424, *6-7, 9 (N.D.N.Y. Oct. 10, 2006) (denying *pro se* plaintiff's motion to compel discovery based on non-compliance with Local Rules 7.1(b)(2) and 7.1(d)).

Additionally, Plaintiff's motion must be denied because she failed to attach the discovery materials at issue as required under Local Rules 7.1(d)(8) and 26.2[2], and because she failed to include a supporting affidavit as required under Local Rule 7.1(a)(2). *See, e.g., Lebron v. Swailek*, 2008 U.S. Dist. LEXIS 21709, *9-11 (N.D.N.Y. Mar. 19, 2008) (*pro se* plaintiff's motion to compel discovery denied based in part on failure to attach discovery materials in dispute); *Pickering-George v. Cuomo*, 2010 U.S. Dist. LEXIS 129669, *3-4 (N.D.N.Y. Dec. 7,

---

[2] Notwithstanding this argument, Defendant has produced a copy of the RFA Responses, which contain a restatement of Plaintiff's Requests, in order to assist the Court in deciding the present motion.

6

2010) (denying *pro se* plaintiff's motion based on failure to accompany motion with supporting papers required under Local Rule 7.1(a)); *Maruzen Int'l Co. v. Bridgeport Merchandise, Inc.*, 1991 U.S. Dist. LEXIS 9233, *9 (S.D.N.Y. July 10, 1991) (refusing to address merits of movant's motion to compel discovery based on failure to attach requests for admission); *Eng*, 2006 U.S. Dist. LEXIS at *7 n. 6 (denying *pro se* plaintiff's motion to compel discovery on other grounds, but noting plaintiff also failed to comply with Local Rule 7.1(a)(2) because no supporting affidavit was filed).

## POINT II

### PLAINTIFF'S MOTION MUST BE DENIED BECAUSE DEFENDANT HAS COMPLIED WITH ITS OBLIGATIONS UNDER THE FRCP

As explained more fully below, the RFA Responses comply with the requirements of Rule 36 and, accordingly, Plaintiff's motion to compel must be denied.

Rule 36 generally requires a responding party to admit or deny a given request for admission. FED. R. CIV. P. § 36(4). A responding party may also object to a request. FED. R. CIV. P. § 36(5). Such requests for admission should be specific, unambiguous, and direct, and should contain simple and concise statements of fact. *See Wiwa v. Royal Dutch Petroleum, Co.*, 2009 U.S. Dist. LEXIS 45621, at *16 (S.D.N.Y. May 21, 2009); *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. May 2, 1989). And it is the requesting party who "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny, without an explanation for purposes of clarification." *Byng v. Campbell*, 2008 U.S. Dist. LEXIS 83656, at *10 (N.D.N.Y. Oct. 20, 2008) (*quoting Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y.

2003)); *see also Azkour v. Haouzi*, 2014 U.S. Dist. LEXIS 126100, at *26-28 (S.D.N.Y. Sept. 9, 2014).

Where a request cannot be readily answered with a simple "admit" or "deny," a responding party may in good faith provide a qualified response. *See Wiwa*, 2009 U.S. Dist. LEXIS 45621 at *16 (*citing* MOORE'S FED. PRAC. § 36.11[5][b]). Although such qualifications should provide clarity and not obfuscate matters, "the bar for a qualified denial should not be set too high." *Id.* at *18. In this regard, a responding party's qualified answer should be deemed sufficient so long as it "reasonably informs the requesting party what is being admitted or denied." *Id.* at *18 (*citing JP Morgan Chase Bank v. Liberty Mutual Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002)).

In Plaintiff's submission accompanying the present motion (Document 22), she essentially disputes the validity of Defendant's objections and the veracity of its denials in the RFA Responses. Consistent with this reading, the only potentially insightful (although still generalized) explanation that Plaintiff previously offered (to ostensibly support her assertion that the RFA Responses are "deficient") was as follows: "You did not answer [the Requests], and your objections are patently false." Even assuming *arguendo* that Plaintiff's assertions are true (which is not the case), neither constitutes a basis upon which to grant Plaintiff's motion to compel discovery.

Rule 36 expressly permits a responding party to object to a particular request. FED. R. CIV. P. § 36(5). Based on Plaintiff's drafting of the Requests, Defendant specifically stated a number of objections in its RFA Responses. Plaintiff does not agree with some of these objections, specifically Defendant's objections to "Request 1" in the First RFAs, and its

8

objections to "Request 4" through "Request 28" in the Second RFAs.[3] These objections do not have the purpose or effect of preventing the discovery of information falling within the scope of Rule 26 of the FRCP. Rather, they are included in the RFA Responses so that Defendant preserves these objections in the course of further discovery and litigation of the case.

Where indicated in the RFA Responses, Plaintiff's requests for admission contain vague and ambiguous terms, set forth multiple factual assertions all at once, contain imbedded assumptions of fact or law, are argumentative, seek irrelevant information, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's Requests are not "simple and concise statements of fact" and were not drafted in a manner allowing Defendant to fairly admit or deny them. Defendant's objections are therefore well-founded and do not provide a basis upon which to grant Plaintiff's motion. *See Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. at 376; *see also Azkour*, 2014 U.S. Dist. LEXIS 126100, at *28.

Further, and contrary to Plaintiff's statements in her submission to the Court, Defendant did not refuse to respond to any of the Requests. Rather, Defendant provided an answer to each and every one of Plaintiff's requests (and despite the fact that Defendant may have been justified in providing no responses whatsoever based on its objections). Given that Plaintiff drafted a number of the Requests such that Defendant could not readily respond with either a simple "admit" or "deny," Defendant also provided qualified answers to certain requests. These qualified answers reasonably informed Plaintiff as to what was being admitted or denied. In accordance with above principles discussed in *Byng* and *Wiwa*, Defendant's responses are

---

[3] These are the specific requests referenced in Plaintiff submission (Document 22).

9

appropriate under Rule 36. *See also Amer. Steamship Owners Mut. Prot. and Indem. Assoc. v. Alcoa Steamship Co.*, 2006 U.S. Dist. LEXIS 4265, at *15 (S.D.N.Y. Feb. 2, 2006).

Finally, Plaintiff also disputes in general fashion the veracity of Defendant's denials in the RFA Responses. Such a dispute, however, does not provide a basis for the Court to grant Plaintiff's motion. *Azkour,* 2014 U.S. Dist. LEXIS 126100 at *27; *Wiwa,* 2009 U.S. Dist. LEXIS 45621 at *20, n.5. Indeed, at this juncture of the litigation, courts are not empowered to address the substantive accuracy of a denial in the context of a request for admission. *Azkour,* 2014 U.S. Dist. LEXIS 126100 at *27; *see also Wiwa,* 2009 U.S. Dist. LEXIS 45621 at *20, n.5 ("[A]t the pre trail stage, the Court evaluates the [non-moving party's] responses for their sufficiency, rather than their accuracy."). And, in this regard, a party's response to a given request for admission "can be sufficient, even if it is not ultimately determined to have been accurate." *Wiwa,* 2009 U.S. Dist. LEXIS 45621 at *19.

Defendant's objections and answers set forth in the RFA Responses may not comport with Plaintiff's subjective beliefs and theories in this case, but that is legally insufficient to support a motion such as this. *See Azkour,* 2014 U.S. Dist. LEXIS 126100 at *27; *Hamilton v. Kerik*, 2002 U.S. Dist. LEXIS 241, at *14-15 (S.D.N.Y. Dec. 10, 2002) ("Although plaintiff, understandably, disagrees with the responses [to the requests for admission, the non-moving parties'] responses are full and complete and plaintiff has offered no evidence suggesting that they are false, misleading or made in bad faith.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied in its entirety, and the Court should order such other relief as it may deem just and appropriate.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Dated: November 30, 2015

By: /s/Andrew D. Bobrek
Peter A. Jones, Esq.
(Bar Roll No. 506918)
Andrew D. Bobrek, Esq.
(Bar Roll No. 515284)
Attorneys for Defendant Syracuse University
Office and Post Office Address
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100
Email: pjones@bsk.com
Email: abobrek@bsk.com

TO: Elizabeth J. Fowler, *Pro Se*
1062 Lancaster Avenue
Syracuse, NY 13210

11

2598883.2