UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ELIZABETH JANE FOWLER,

                         Plaintiff,

            -against-

SYRACUSE UNIVERSITY,

                         Defendant.

---

**DECLARATION**

Civil Action No. 5:14-CV-1350
(BSK/TWD)

Andrew D. Bobrek declares, under penalty of perjury:

1.      I am an associate at the firm of Bond, Schoeneck & King, PLLC, attorneys for Defendant Syracuse University (the "University").  I make this declaration in opposition to the motion of Plaintiff Elizabeth Jane Fowler ("Plaintiff") to compel discovery, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP").

2.      On September 4, 2015, Plaintiff sent to me and my colleague, Peter A. Jones ("Mr. Jones"), a document via e-mail, entitled "Plaintiff's First Set of Requests for Admissions" (the "First RFAs").

3.      Plaintiff did not request consent to serve the First RFAs by electronic means, and Defendant did not provide such written consent in advance of receiving the First RFAs.

4.      Neither I nor Mr. Jones received the First RFAs from Plaintiff by mail or other means of service permitted under the FRCP.

5.      On September 17, 2015, Plaintiff sent to me and Mr. Jones a document via e-mail, entitled "Plaintiff's Second Set of Requests for Admissions" (the "Second RFAs").

2598494.1

6.       Plaintiff did not request consent to serve the Second RFAs by electronic means, and Defendant did not provide such written consent in advance of receiving the Second RFAs.

7.       Neither I nor Mr. Jones received the Second RFAs from Plaintiff by mail or other means of service permitted under the FRCP.

8.       On September 25, 2015, I notified Plaintiff that we had received via e-mail the First RFAs and Second RFAs (collectively, the "Requests"), that she had not sought and we had not provided our advanced written consent to service of the Requests via e-mail, and that we had not received service of the Requests through any other means set forth in the FRCP.  A copy of this letter is attached at Exhibit A.

9.       By this same letter, I also advised Plaintiff that Defendant was nevertheless amenable to accepting service of the Requests – effective September 25, 2015 – that she sent via the prior electronic communications, and that, if Plaintiff was agreeable to this arrangement, Defendant's responses to the Requests would be due 30 days from that date.  See Exhibit A.

10.       In turn, Plaintiff responded to my September 25, 2015 correspondence and stated:

> Mr. Bobrek.
>
> Thank you very much for agreeing to accept these via electronic delivery.
>
> I will will [sic] ensure that any additional RFAs are sent to you via electronic delivery and the USPS.
>
> Sincerely,
> Elizabeth Fowler

A copy of this e-mail communication is attached at Exhibit B.

2598494.1

11.     I subsequently confirmed in writing with Plaintiff that Defendant would respond to the Requests as agreed by October 25, 2015.  A copy of this e-mail communication is attached at Exhibit C.

12.     On Friday, October 23, 2015, Defendant duly served its responses to the Requests.  Copies of these responses, specifically "Defendant Syracuse University's Response to Plaintiff's First Set of Requests for Admissions" and "Defendant Syracuse University's Response to Plaintiff's Second Set of Requests for Admissions" (collectively, the "Responses"), are attached at Exhibit D and Exhibit E, respectively.

13.     In the Responses, Defendant asserted certain objections to the Requests, but also provided a response to each and every one of Plaintiff's requests for admission.  Where a particular request was not drafted in a manner such that it could be appropriately answered with a simple "admit" or "deny" response, Defendant provided a qualified response.

14.     On or about Saturday, October 24, 2015, Plaintiff mailed correspondence to Mr. Jones, stating that the Responses were "DEFICIENT."  A copy of this correspondence is attached at Exhibit F.  This correspondence did not provide any detail or specific explanation as to why Plaintiff deemed the Responses to be deficient.

15.     I received a copy of Plaintiff's "Deficiency Notice" on Monday, October 26, 2015.  That same day, I attempted to contact Plaintiff by telephone in order to confer about the nature of her apparent dissatisfaction with the Responses.  Plaintiff did not answer my call and I left her a voice mail message, indicating that I wished to speak with her.

16.     Later that same day, October 26, 2015, I received an e-mail message from Plaintiff stating:

Dear Mr. Bobrek,

2598494.1

I received your voice mail.  I will not discuss anything via phone.  Everything will be in writing to facilitate, if need be, providing Judge Dancks with documentation of the actions, or non-actions, of you [sic] law firm on behalf of S.U.

Elizabeth Fowler, Ph.D.

A copy of this e-mail is attached at <u>Exhibit G</u>.

17.     During another e-mail exchange on November 3, 2015, Plaintiff acknowledged receipt of the Responses and advised that, in response, she would be filing a "Motion to Compel."  A copy of this e-mail exchange is attached at <u>Exhibit H</u>.

18.     I responded to Plaintiff's advisement, reiterating that we had attempted to converse with her so that we could understand the basis of her objection to the Responses and then assess how to respond to that objection.  <u>Exhibit H</u>.

19.     I also explained to Plaintiff that her blanket objection, alone, "leaves us with no understanding of [her] objection and therefore gives us no basis to respond with an explanation, a supplemental response, *etc.*"  <u>Exhibit H</u>.

20.     I also stated to Plaintiff:  "Please articulate your objections to us, via an in-person meeting, a phone call, or in writing so that we may evaluate that information and respond."  <u>Exhibit H</u>.

21.     In response, Plaintiff reiterated that she intended to file a "Motion to Compel," and she still did not provide any detail or specific explanation as to why she deemed the Responses to be deficient; the only additional substantive information that Plaintiff shared regarding the Responses was as follows:  "You did not answer [the Requests], and your objections are patently false." <u>Exhibit H</u>.

22.     Further, Plaintiff advised that it was "obviously [her] mistake to have assumed that two lawyers at a reputable law firm would be able to determine this by on [sic]

2598494.1

their own without [her] assistance," and that counsel for Defendant should "re-read" her requests "and see if [we] might possibly be able to understand how they are related to the case." Exhibit H.

23.     In response to this message, I suggested to Plaintiff that we request a conference with the Court to resolve this and other discovery-related issues, and I also asked about her availability for such a conference.  Exhibit H.

24.     Plaintiff did not squarely respond to this suggestion; rather, Plaintiff replied that she would be filing her "Motion to Compel" on the following morning – November 4, 2015 – and advised that she would only provide her availability for a conference after confirming the Court "had received all of this information." Exhibit H.

25.     More than a week later, at 10:02 AM on Thursday November 12, 2015, I sent Plaintiff an e-mail, discussing our status conference with the Court on the following day, advising Plaintiff that we had not received any paperwork relating to her previously-referenced motion to compel discovery, and inquiring whether Plaintiff had filed and served any such paperwork.  Exhibit H.

26.     At 5:10 PM on November 12, 2015, Plaintiff responded that her motion papers had been filed with the Court, and, upon further inquiry, reported that the papers had been served via mail that same afternoon.  Exhibit H.


Dated:  November 30, 2015                              _____/s/Andrew D. Bobrek_____
                                                                       Andrew D. Bobrek, Esq.

5

2598494.1

# EXHIBIT A

# BOND SCHOENECK & KING

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

ANDREW D. BOBREK, ESQ.
abobrek@bsk.com
P: 315.218.8262
F: 315.218.8823

September 25, 2015

**VIA FIRST CLASS MAIL and**
**ELECTRONIC MAIL (nureonnasan@gmail.com)**

Elizabeth Jane Fowler
1062 Lancaster Avenue
Syracuse, NY 13210

Re:    *Fowler v. Syracuse University*
       *Civil Action No. 5:14-cv-1350 (BKS/TWD)*

Dear Dr. Fowler:

We write to you, regarding a discovery-related matter.

On September 4, 2015 we received an e-mail message from you, with a document attached in PDF format entitled "PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS." We have not received this document from you through any other means and there was no service-related certification accompanying this document.

On September 17, 2015 we received another e-mail message from you, with another document attached in PDF format entitled "PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS." This document was accompanied by a statement certifying that it was served by you on us via "ELECTRONIC MAIL." We have not received this document from you through any other means.

You did not seek, and we did not provide, our consent (in writing, or otherwise) to service of these documents via electronic mail, as required by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure ("FRCP"). And, to reiterate, we have not received service of these documents through any other means set forth in Rule 5 of the FRCP.

However, in this instance, we are amenable to accepting service of the above-referenced documents via the prior electronic mail communications, effective today, if you so wish. Defendant's responses to these documents would then be due thirty (30) days from today's date in accordance with the FRCP. Please confirm whether or not this arrangement is acceptable to you and, if so, we will proceed accordingly. If not, and you wish to receive responses to your requests, then you must effectuate proper service in accordance with the FRCP.

2568604.1 9/25/2015

Elizabeth Jane Fowler
September 25, 2015
Page 2

In addition, so that there is no confusion, we are not hereby consenting to service by electronic means of any pleading or other papers required to be served by the FRCP.

As always, if you have any questions regarding this correspondence or if I can be of any other assistance, please do not hesitate to contact me.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Andrew D. Bobrek

cc:     Peter A. Jones

# EXHIBIT B

**Bobrek, Andrew**

| | |
|---|---|
| **From:** | Rizu Yoshida <nureonnasan@gmail.com> |
| **Sent:** | Friday, September 25, 2015 6:14 PM |
| **To:** | Bobrek, Andrew |
| **Subject:** | Re: Fowler v. Syracuse University |

Mr. Bobrek.

Thank you very much for agreeing to accept these via electronic delivery.

I will will ensure that any additional RFAs are sent to you via electronic delivery and the USPS.

Sincerely,
Elizabeth Fowler

On Fri, Sep 25, 2015 at 4:09 PM, Bobrek, Andrew <BobrekA@bsk.com> wrote:

Dear Dr. Fowler:


Please see the attached correspondence.


-Andy Bobrek


**Jessica McIlroy**

Administrative Assistant

Labor and Employment Law Department

315.218.8604 Direct

315.218.8828 Fax

jmcilroy@bsk.com



One Lincoln Center, Syracuse, NY 13202-1355

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

# EXHIBIT C

**Bobrek, Andrew**

| | |
|---|---|
| **From:** | Bobrek, Andrew |
| **Sent:** | Friday, October 02, 2015 3:02 PM |
| **To:** | Rizu Yoshida |
| **Cc:** | Jones, Peter |
| **Subject:** | RE: Fowler v. Syracuse University |
| **Attachments:** | Correspondence.pdf |

Dear Dr. Fowler:

You are welcome, and just to confirm we will respond to your "First Set of Requests for Admission" and "Second Set of Requests for Admission" as agreed by October 25, 2015.

-Andy

**From:** Rizu Yoshida [mailto:nureonnasan@gmail.com]
**Sent:** Friday, September 25, 2015 6:14 PM
**To:** Bobrek, Andrew
**Subject:** Re: Fowler v. Syracuse University

Mr. Bobrek.

Thank you very much for agreeing to accept these via electronic delivery.

I will will ensure that any additional RFAs are sent to you via electronic delivery and the USPS.

Sincerely,
Elizabeth Fowler

On Fri, Sep 25, 2015 at 4:09 PM, Bobrek, Andrew <BobrekA@bsk.com> wrote:

Dear Dr. Fowler:


Please see the attached correspondence.


-Andy Bobrek


**Jessica McIlroy**

Administrative Assistant

Labor and Employment Law Department

1

315.218.8604 Direct

315.218.8828 Fax

jmcilroy@bsk.com



Commitment · Service · Value · Our Bond

One Lincoln Center, Syracuse, NY 13202-1355

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

# EXHIBIT D

# (Filed Under Seal)

# EXHIBIT E

# (Filed Under Seal)

# EXHIBIT F

October 24, 2015

**VIA FIRST CLASS MAIL**

RECEIVED

C .. 2016

BOND, SCHOENECK & KING, PLLC

Mr. Peter Jones, Esq.
Bond, Schoeneck, and King
One Lincoln Center, Syracuse, NY, 13202-1355.

Re: *Fowler v. Syracuse University*
*Civil Action No.: 5:14-cv-1350 (LEK-TWD)*

### Deficiency Notice: Response to Defendant's Responses to Plaintiff's First and Second Set of Requests for Admission

Dear Mr. Jones,

This is to serve as notification that you, as legal counsel for Syracuse University, are DEFICIENT in responding to the "First Set of Requests for Admission" and "Second Set of Requests for Admission" issued to you, as you fail to provide adequate responses to both sets of "Requests for Admission" in the paperwork that was sent back to me on October 23, 2015 by Mr. Andrew Bobrek, Esq., of Bond, Schoeneck & King.

As the *Pro Se* litigant, I am hereby notifying you that you have seven (7) days to provide answers to all requests in both sets of submitted "Requests for Admission," or I will issue a "Motion to Compel," and the matter of your deficiency will be escalated to Judge Therese Dancks.

Thank you.

Elizabeth Fowler, Ph.D.
*Pro Se* Litigant
1062 Lancaster Avenue
Syracuse, NY 13210

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Elizabeth J. Fowler,

                    Plaintiff,

          vs.                                      Civil Action No.: 5:14-cv-1350
                                                   (LEK-TWD)
Syracuse University

                    Defendants.

---

        THIS IS TO CERTIFY that on October 24, 2015, a "Deficiency Notice" was
served by Elizabeth J. Fowler, *Pro Se* Plaintiff, upon Peter Jones, Esq., attorney for the
Defendant, via the USPS mailbox, located at 1062 Lancaster Avenue, Syracuse, NY
13210, to Mr. Jones, attorney for the Defendant at the firm of Bond, Schoeneck, and
King, and sent to the following address: One Lincoln Center, Syracuse, NY, 13202-
1355.

Dated: October 24, 2015

                                         Elizabeth J. Fowler
                                         *Pro Se* Litigant
                                         1062 Lancaster Avenue
                                         Syracuse, NY  13210
                                         (315) 456-9073
                                         nureonnasan@gmail.com



SYRACUSE NY 130
24 OCT 2015 PM 3 L

RECEIVED
OCT 26 2015
BOND, SCHOENECK & KING, PLLC

Peter Jones, Esq.
Bond, Shoeneck, & King
One Lincoln Center
Syracuse, NY  13202-1355

1322130601

Fowler
1001 Lancaster Avenue
Syracuse, NY 13210

# EXHIBIT G

**Bobrek, Andrew**

| | |
|---|---|
| **From:** | Rizu Yoshida <nureonnasan@gmail.com> |
| **Sent:** | Monday, October 26, 2015 5:05 PM |
| **To:** | Bobrek, Andrew; Jones, Peter |
| **Subject:** | Re: Fowler v. Syracuse University |

Dear Mr. Bobrek,

I received your voicemail. I will not discuss anything via phone. Everything will be in writing to facilitate, if need be, providing Judge Dancks with documnetion of the actions, or non-actions, of you law firm on behalf of S.U.

Elizabeth Fowler, Ph.D.

On Oct 23, 2015 4:16 PM, "Bobrek, Andrew" <BobrekA@bsk.com> wrote:

Dear Dr. Fowler:


Please see the attached correspondence.


-Andy Bobrek



**Jessica McIlroy**

Administrative Assistant

Labor and Employment Law Department

315.218.8604 Direct

315.218.8828 Fax

jmcilroy@bsk.com



Commitment · Service · Value · Our Bond

One Lincoln Center, Syracuse, NY 13202-1355

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

# EXHIBIT H

# (Filed Under Seal)