

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**PETER A. JONES, ESQ.**
pjones@bsk.com
P: 315.218.8337
F: 315.218.8100

June 21, 2016

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
U.S. District Court, Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY  13261-7346

Re:   *Elizabeth Fowler v. Syracuse University*
        Case No. 5:14-cv-01350-BKS-TWD

Dear Judge Dancks:

In accordance with the Court's instructions following our status conference on June 14, 2016 (Docket Entry, June 14, 2016), we are writing on behalf of Defendant Syracuse University regarding Plaintiff's prior *ex parte* letter motions filed under seal (Docket Nos. 27 & 29).

Defendant has no objection to these documents remaining sealed on the public docket, but, on the below grounds, respectfully requests the Court to reconsider Plaintiff's *ex parte* filing of these motion papers and, if warranted, to issue an Order directing production of the documents in question.

Plaintiff did not serve either of the above letter motions on Defendant.  Counsel for Defendant received notice on December 8, 2015 via CM/ECF that the first motion had been filed *ex parte* and had also been sealed on the public docket (Docket Entry No. 27).  Defendant also received concurrent notice via CM/ECF that, pursuant to Plaintiff's motion, the Court had granted a three-month stay in the proceeding.

That same day, I called and spoke with a member of Your Honor's administrative staff. When I advised that Defendant had not been served with the letter motion and inquired about obtaining a copy, the staff member responded that the filing had been sealed on the docket and was not available to either Defendant or the public.[1]

Given the nature of the relief afforded – a three-month stay – Defendant concluded that it would not be the appropriate time to request reconsideration of the *ex parte* filing of the papers, *i.e.,* this would have required Plaintiff to respond and devote additional

---

[1] As noted above, Plaintiff filed a second *ex parte* letter motion, which was also sealed on the docket (Docket Entry No. 29), and the Court granted an additional three-month stay in the case (Docket Entry No. 30).

2711509.2 6/21/2016

Attorneys At Law | A Professional Limited Liability Company

Hon. Thérèse Wiley Dancks
June 21, 2016
Page 2

attention to the case during the very same time period when the Court had already ordered that she should not be required to do so.  Accordingly, we decided to broach the issue with the Court at the first opportunity following expiration of the stay and upon resumption of the litigation of the case.  This issue was then raised by Defendant at the status conference on June 14, 2016 with all parties present.

Rules 5 and 6 of the Federal Rules of Civil Procedure provide that a party to an action must generally receive copies of all motion papers, except with respect to motions that may be heard *ex parte*.  Defendant acknowledges that certain information set forth in a motion to stay may be sensitive and may overcome the presumption of public access on the court docket.  However, Defendant submits that information offered in support such a motion in the present action nevertheless has strong potential to be relevant to the claims and defenses asserted in this matter, including Plaintiff's claims for damages and Defendant's defenses to these particular claims.

In this regard, we note that Plaintiff's Complaint purports to seek damages for, among other things:  (i) "permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and form [sic, presumably meaning "front"] pay and interest due thereon"; (ii) "emotional distress, embarrassment, humiliation, and loss of self-esteem"; and (iii) "severe physical pain, due to the exacerbation of existing medical conditions and new severe physical ailments." Complaint ¶¶ 70-71, 74-75, 79-80.  In the Complaint's *Prayer for Relief* section, Plaintiff also seeks recovery for "pain, suffering, inconvenience, mental and physical anguish, loss of enjoyment of life and other non-pecuniary losses as allowable."  Complaint at p. 20.  Defendant is only seeking disclosure of the letter motions to the extent they may contain information that may be relevant to the claims and defenses in this case.

Defendant respectfully requests that the Court reconsider the prior *ex parte* filing of Plaintiff's letter motions and any supporting documents, for purposes of determining whether or not they contain nonprivileged information that may be relevant to the claims or defenses asserted in this case.  If the Court determines the motion papers indeed contain such information, Defendant further requests that it be served with copies of the documents, with the understanding that they would otherwise remain under seal on the public docket and may be subject to redaction of any non-relevant and extraneous personal information as the Court deems appropriate.

Finally, we note that the parties have executed and filed a Confidentiality Stipulation and Protective Order (Docket No. 22) in this case.  Among other things, this Order protects the confidentiality of certain agreed-upon personal information of Plaintiff, including "any and all medical records, and diagnostic information, and prescription history." If applicable, the requested documents will be designated as "CONFIDENTIAL" and treated accordingly.

2711509.2 6/21/2016

Hon. Thérèse Wiley Dancks
June 21, 2016
Page 3

Thank you for your consideration of this matter. If you would like additional briefing or supporting documentation, please do not hesitate to contact us.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

/s/Peter A. Jones

Peter A. Jones

PAJ/cy

cc: Elizabeth Jane Fowler *(Via Electronic and Regular Mail)*