U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 01 2016
AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

June 28, 2016

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge
U.S. District Court, Northern District of New York
100 South Clinton Street
Syracuse, NY  13261

Case No.: 5:14-cv-1350 (LEK-TWD)

Dear Judge Dancks,

I respectfully ask Your Honor to uphold your previous decision to place the *ex parte* letter motions filed with the Court under seal in the case of *Elizabeth Fowler vs. Syracuse University*. Your Honor made a decision based on information supplied by the Plaintiff in the *ex parte* letter motions, was aware of the relevance of the information to this case, was in a position to appropriately assess the context and relevancy of this information for the case, and made a decision to grant the stays as well as to place the *ex parte* letter motions under seal.

I am in receipt of a copy of the letter sent to you by Mr. Jones dated 21 June 2016, and I will only endeavor to address the relevant issues put forth by Mr. Jones.

Your Honor was aware, as stated above, as to why the Plaintiff requested two three-month stays via *ex parte* letter motions as well as the request to place them under seal; moreover, Your Honor was aware of what is in the Plaintiff's complaint, including the Plaintiff's claims for damages. The Defendant's speculation that "the present action nevertheless has strong potential to be relevant" and that the information [in the letter motions] "may contain information that may be relevant," seemingly suggests that Your Honor's decision to seal the *ex parte* letter motions was done because the Court was either unable or unwilling to determine relevancy. The Defendant postulates that they are entitled to this information, either in its entirety or a redacted version, "for purposes of determining whether or not they [the *ex parte* letter motions] contain nonprivileged [sic] information that may be relevant to the claims or defenses asserted in this case."

Based on nothing more than their insistence that the information *hypothetically* "may be relevant" or has the "strong potential to be relevant" to the case, the Defendant appears to be arguing that only the Defendant, and not the Court, can or should determine relevancy in this matter, as Mr. Jones has requested "Plaintiff's letter motions and any supporting documents for purposes of determining whether or not they [the letter motions] contain nonprivileged [sic] information…." Asking the Court to "reconsider" a decision would seemingly require an exceptionally forceful argument with well-supported reasoning and evidence as to how the Court has erred, but the Defendant has failed to do so.

The contradictory nature of the additional information (e.g. "Plaintiff did not serve either of the above letter motions to the Defendant" and "Rules and 5 and 6 of the Federal Rules

of Civil Procedure provide that a party to an action must generally receive copies of all motion papers, except with respect to motions that may be heard *ex parte*."), a protracted narrative of factual information, lengthy citations of information contained in the Plaintiff's complaint, which is already in Your Honor's possession, and redundant statements (e.g. designating information covered under a Confidentiality Stipulation and Protective Order as "CONFIDENTIAL") do not offer support for an argument as to why the Court should reconsider a previously made decision, and will subsequently not be addressed by the Plaintiff.

Nothing presented by the Defendant in their letter dated 21 June 2016 offers any substantial or cogent reasons for the Court to issue an Order directing production of the documents in question, let alone any reconsider the previous decision.

Respectfully,

Elizabeth J. Fowler
*Pro Se* Plaintiff

cc: Mr. Peter Jones, Bond, Schoeneck, & King, PLLC, Counsel for the Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Elizabeth J. Fowler,

                        Plaintiff,

vs.                                          Civil Action No.: 5:14-cv-1350
                                                    (LEK-TWD)

Syracuse University

                        Defendant.

---

       THIS IS TO CERTIFY that on June 30, 2016, the Plaintiff's response to the Defendant's "Letter Motion" was served by Elizabeth J. Fowler, *Pro Se* Plaintiff, to Judge Thérèse Wiley Dancks, via the USPS mailbox, located at the Teall Avenue Post Office, Syracuse, NY, 13210, and was mailed to the U.S. District Court, James M. Hanley Federal Building, 100 South Clinton Street, Syracuse, NY, 13261.

Dated: June 30, 2016

                                                                      Elizabeth J. Fowler
                                                                      *Pro Se* Litigant
                                                                      1062 Lancaster Avenue
                                                                      Syracuse, NY  13210
                                                                      (315) 456-9073
                                                                      nureonnasan@gmail.com

Elizabeth Fowler
1062 Lancaster Ave.
Syracuse, NY 13210

SYRACUSE NY 130
30 JUN 2016 PM 4 L



U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

JUL - 1 2016

RECEIVED

Judge Thérèse Wiley Dancks
U.S. District Court
James M. Hanley Federal Building
100 South Clinton Street
Syracuse, NY 13261

13261-610099